**IN THE UNITED STATED DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**AT MEMPHIS**

**LANCE FRAZIER**

**Plaintiff,**

**Vs.**

Civil Action: 21-cv-02540

**LINCOLN NATIONAL INSURANCE COMPANY**

**Defendant.**

## COMPLAINT

**COMES NOW** your Plaintiff, Lance Frazier, by and through Counsel, and sues the Defendants, Lincoln National Insurance Company, and for cause states and show to this Honorable Court as follows:

1. The Plaintiff is a resident of Memphis, Shelby County, Tennessee;
2. That at all times herein mentioned, Lincoln is a Indiana insurance company with its principal place of business is in the State of Indiana. The Defendant is authorized to do and doing business in the State of Tennessee. The policy which is the subject of this litigation was written and entered into in the State of Tennessee. The Defendant's agent for service of process is the Tennessee Commissioner of Insurance;
3. This Court has jurisdiction pursuant to 28 USC § 1332(a). There is diversity of citizenship between the parties and the amount in controversy exceeds $100,000.00. Therefore, diversity exists in this cause of action. Moreover, this Court has jurisdiction by virtue of the Employee Retirement and Income Security Act of 1974 (herein ERISA);
4. This is a civil action to recover short-term disability benefits pursuant to Section 502 of the ERISA;

5. The Plaintiff, by virtue of his employment with C. C. Clark, Inc. was provided a short-term disability policy with the Defendants. The claim number is 120006898800000;
6. On May 20, 2020, the Plaintiff became disabled and applied for Short-Term Disability Benefits;
7. On or about September 22, 2020, the Defendant denied the application;
8. On September 26, 2020, the Plaintiff contacted Lincoln regarding the denial of his benefits;
9. On or about February 5, 2021, the Plaintiff appealed the decision timely and in writing;
10. On or about Mach 22, 2021, Lincoln wrote the Plaintiff's counsel acknowledging receipt of the administrative appeal;
11. On or about May 6, 2021, Lincoln wrote a letter to the Plaintiff's counsel affirming the decision to deny his application for disability benefits;
12. The letter stated "Please be advised that our claim decision is now final land you can file a lawsuit under Section 502€ known as ERISA";
13. The Plaintiff has been **"DISABLED"** pursuant to the terms of the policy and eligible for disability benefits since the termination date due to the medical conditions from which he suffers;
14. The Plaintiff has appealed all administrative denials and has exhausted administrative remedies;
15. The Plaintiff's condition renders him **"DISABLED"** as defined under **"DEFINITION OF DISABILITY"** under the group policy which is the subject of this litigation;
16. The Defendant has failed to pay benefits for said policy and plans of benefits currently amounting to 66 2/3 of his gross income for each month he is unable to engage in substantial gainful activity;
17. There will be additional benefits accruing after filing this lawsuit as the Plaintiff remains disabled; and

18. The Defendant's denial of disability benefits is arbitrary and capricious as defined by the Sixth Circuit case law governing ERISA claims.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendant for all approved benefits, for any months he is disabled under the policy, for prejudgment and post-judgment interest, for future benefits, for attorney fees, discretionary costs and any other relief the Court deems just and proper under the circumstances pursuant to 502(a)(1)(B) or in the alternative 502(a)(3).

Respectfully submitted,

*/s/ John E. Dunlap*
3340 Poplar Ave.
Suite 320
Memphis, TN 38111
901-320-1603
F 901-320-6914
jdunlap00@gmail.com